**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 2 2 2022

CLERK, U.S. DISTRICT COURT
By_____
Deputy

**TONY FUENTES, NO. 74551-380**                                                                    **PLAINTIFF**

*Your copy and you already have a copy of the Exhibits*

**vs.**                                    **CASE #: 3:22-cv-01667-K-BN**

**UNITED STATES OF AMERICA**                                                          **DEFENDANT**

## AMENDED CIVIL ACTION COMPLAINT PURSUANT THE FEDERAL TORT CLAIMS ACT

1.  COMES NOW Plaintiff Tony Fuentes and he files the instant *"amended"* civil action complaint against the United States of America ("Defendant") pursuant the Federal Tort Claims Act ("FTCA") under Title 28, United States Code, Sec. 2671, *et seq.,* in compliance with the Court's Order (Doc. 6).

2.  Plaintiff would show the Court with good cause and reason that the instant complaint has merit whereas he has suffered irreparable injury to both of his eyes due to gross negligence and incompetence by medical staff at FCI Seagoville operated by the Federal Bureau of Prisons ("FBOP") which is an administrative agency of the United States where Plaintiff has been incarcerated since 2018.

3.  Plaintiff filed an administrative tort claim against the FBOP on November 14, 2019 under No. TRT-SCR-2020-01077 of which a copy as attached as *Exhibit A* that includes an acknowledgment letter dated the same date which stated, in pertinent part, *"Claims processed pursuant to the Federal Federal Tort Claims Act normally receive a response within six months. Accordingly, you may expect a response from this office on or before May 11, 2020."*

4.  Nine months later on or about August 18, 2020, with no response from the FBOP, a letter was mailed to the FBOP's Regional Office in Grand Prairie, Texas inquiring about the status of Plaintiff's tort claim which the FBOP responded to September 8, 2020 stating, in pertinent part, *"Mr. Fuentes' claim remains pending"* of which a copy is attached as *Exhibit B*.

5.     On or about February 21, 2021, Plaintiff had inquired again to the FBOP for an update on his pending administrative tort claim (see *Exhibit B* ). On March 15, 2021, the FBOP had responded and stated, in pertinent part, once again that ***"Mr. Fuentes' claim remains pending" of*** which a copy is attached as *Exhibit C.*

6.     On or about February 11, 2022, Plaintiff once again inquired to the FBOP for another updtate on his administrative tort claim which had been pending for over two years at that time (see *Exhibit C)* to which the FBOP responded on or about March 1, 2022 stating, in pertinent part, one more time that ***"Mr. Fuentes' claim remains pending"*** of which a copy is attached as *Exhibit D*.

7.     On or about June 21, 2022 a certified letter was mailed to the FBOP which a copy is attached as *Exhibit E* that the FBOP has not responded to in about two months. Said letter indicates Plaintiff's desire to now move forward with the lawsuit stage of his tort claim because of an inordinate amount of time in which the FBOP continues to stall by taking no action at all.

8.     Plaintiff filed his administrative tort claim in a timely manner, within two years, from when he was diagnosed by medical doctors that he was ***totally blind*** in one eye and ***legally blind*** in his other eye with the possibility of being ***totally blind*** in both eyes without proper treatment.

9.     If an administrative agency of the United States does not give a claimant a decision within six months, as Plaintiff was admonished by the FBOP in its acknowledgment letter on November 14, 2019 attached as *Exhibit A*, a claimant may proceed with his or her lawsuit. Plaintiff, however, has patiently waited on the FBOP for going on three years now with no realistic hope of ever getting a decision.

10.     Alternatively, a claimant can wait until his or her administrative remedies are exhausted by waiting for the agency to render a decision, even though the agency may take longer than six months. With no response by the FBOP in about two months to Plaintiff's latest letter dated June 21, 2022 attached as *Exhibit* E, Plaintiff now exercises his discretion to proceed with the instant lawsuit.

- 2 -

## STATEMENT OF THE COMPLAINT

11.     When Plaintiff arrived at FCI Seagoville in April of 2018 he still had vision in each of his eyes although he had glaucoma in both. The same month, the optometrist at FCI Seagoville referred Plaintiff for a consult with an outside ophthalmologist because Plaintiff's eye pressure was dangerously high. Plaintiff, however, was **negligently delayed for over a year** before having the consult in July of 2019 in spite of his repeated complaints that he was losing his vision.

12.     When Plaintiff was finally seen by the ophthalmologist, he confirmed that Plaintiff had lost his vision permanently is his left eye and while he was able to perform laser surgery on Plaintiff's right eye to preserve partial vision in that eye, it still left Plaintiff **legally blind** in both of his eyes permanently. See Plaintiff's tort claim attached as **Exhibit A**.

13.     See attached, as a part of **Exhibit E**, when on or about February 24, 2020, Plaintiff was seen by Dr. Matthew E. Emanuel at Glaucoma Associates of Texas who wrote the following diagnosis, in pertinent part, about Plaintiff's eyesight. … **"The above named patient is legally blind and should be considered eligible for any tax or disability benefits. He is blind not based on his visual acuity, but that he has a highly restricted visual field in his only seeing eye (right eye)."**

14.     See also, as a part of **Exhibit E**, a letter dated January 16, 2020 written by a FBOP employee named V. Green who was Plaintiff's work detail supervisor at FCI Seagoville at that time who stated as follows about Plaintiff's eyesight in pertinent part, … **"I have observed Mr. Fuentes when he is out on the compound and have noticed he has a difficult time when he is watering plants and pulling weeds because of the fact that his vision does not allow him to tell the difference between the plants and the weeds."**

15.     Still, as part of **Exhibit E**, Mr. Green continued in this same letter, … **"So, it is my opinion that Mr. Fuentes has had and will continue to have problems with his vision. Especially related to any type of employment that will require the use of his vision."**

- 3 -

16.    If not for the ***unnecessary delay*** of well over a year by medical staff at FCI Seagoville to have scheduled the consult with the ophthalmologist, it is reasonable to believe that the proper treatment in a more timely manner would have resulted in Plaintiff's vision being saved. Therefore medical staff were negligent and/or incompetent which is the proximate cause of Plaintiff's loss of vision permanently in which the Defendant is liable to Plaintiff for damages as its agency, the FBOP and its medical staff, had a duty of care to provide Plaintiff reasonable health care which was breached.

<u>**DEMAND**</u>

17.    Plaintiff demands a trial by jury and requests appointment of counsel to assist him because he is indigent. Being ***"legally blind"*** Plaintiff will be at the mercy of high-powered government attorneys representing the Defendant without counsel to assist him in a trial. Plaintiff seeks $10,000,000 (Ten Million U.S. Dollars) in compensatory damages or an amount allowed by law determined by the jury.

Further Plaintiff sayeth naught, and respectfully submitted on this **16** day of August, 2022.

TONY FUENTES

Tony Fuentes #74551-380
FCI Seagoville – Building 5
P.O. Box 9000
Seagoville, Texas 75159

Plaintiff *"in pro se"*

<u>**CERTIFICATE OF MAILING**</u>

I hereby certify that I have mailed the foregoing, with attached exhibits, on this **16** day of August, 2022 to the clerk of the court to be filed in compliance with the Court Order on August 8, 2022 (Doc. 6) to cure the deficiency noted in said order.

Tony Fuentes #74551-380
FCI Seagoville – Building 5
P.O. Box 9000
Seagoville, Texas 75159